UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS INTERNATIONAL CO., LLC,
and RAMOS ARIZPE
MANUFACTURING S. DE R.L. DE C.V..          Case No. 2:20-cv-13277
                                          District Judge Paul D. Borman
              Plaintiffs,                 Magistrate Judge Anthony P. Patti

v.

ZURICH AMERICAN INSURANCE CO.,
XL INSURANCE AMERICA, INC.,
AVIVA INSURANCE LIMITED,
GENERAL SECURITY INDEMNITY CO.
OF ARIZONA, and
ZURICH COMPANIA DE SEGUROS, SA,

              Defendants.
_____/

**OPINION and ORDER GRANTING PLAINTIFFS' MOTION (ECF NO. 26)
FOR LEAVE TO CONDUCT PERSONAL JURISDICTION DISCOVERY
and TO STAY OR CONTINUE ZURICH COMPANIA'S MOTION TO
DISMISS (ECF NO. 10) UNTIL COMPLETION OF SUCH DISCOVERY**

I.     **OPINION**

       A.     **Background**

       This is an insurance case, which Plaintiffs Williams International, a

company based in the Eastern District of Michigan, and Ramos Arizpe

Manufacturing ("RAM") filed in state court against several Defendants – Zurich

US, XL Insurance, Aviva, General Security, and Zurich Mexico (*i.e.*, Zurich

Compania de Seguros, SA).  Case No. 2020-185655-CB (Oakland County).  (ECF

No. 1, PageID.15-16.)  The causes of action include:  (1) declaratory judgment pursuant to MCR 2.605 against Zurich Mexico; (2) declaratory judgment pursuant to MCR 2.605 against the subscribing Defendants; (3) breach of the Zurich Mexico Policy; (4) breach of the subscription policies; and, (5) reformation of the Zurich Mexico Policy.  (ECF No. 1, PageID.30-36.)

The case was removed to this Court on December 11, 2020.  (ECF No. 1, PageID.1-8; ECF No. 2.)  On January 29, 2021, Defendant Zurich Compania filed a motion to dismiss, wherein it seeks dismissal "for lack of personal jurisdiction, improper forum and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(3) and (b)(5)."  (ECF No. 10.)  Plaintiffs have filed a response (ECF Nos. 31, 32), Defendant Zurich Compania has filed a reply (ECF No. 37), and the matter is pending before Judge Borman.  The remaining Defendants have filed answers to the complaint.  (ECF Nos. 11-14.)

### B.    Instant Discovery Motion

Currently before the Court is Plaintiff's February 16, 2021 motion for leave to conduct personal jurisdiction discovery and stay or continue Zurich Compania's motion to dismiss until completion of such discovery.  (ECF No. 26).  Judge Borman has referred this motion to me for hearing and determination (ECF No.

27), Defendant Zurich Compania has filed a response (ECF No. 33), and Plaintiffs have filed a reply (ECF No. 38).[1]

On March 17, 2021, the Court conducted a video hearing, at which Plaintiffs' counsel (attorneys Alex M. Petrik, Cristina Shea, David Evan Weiss, Jorge Rojas) and counsel for the various Defendants (attorneys Michele A. Chapnick, William Garrett Zieden-Weber, Thomas B. Caswell, Mindy M. Medley, Mark G. Cooper, Robert Goodman, Costantino P. Suriano) appeared.  (ECF No. 28.)[2]

## II.   ORDER

For the reasons and based on the multiple findings stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Plaintiffs' motion (ECF No. 26) is **GRANTED**.  Preliminarily, the Court is impressed by the guidance that "[a] lawsuit is a search for the truth." *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981)  Discovery on the limited issue of personal

---

[1] The issues of improper service, venue and forum, which are the subject of Defendant Zurich Compania's second responsive argument (ECF No. 33, PageID.1584-1585), are squarely before Judge Borman (ECF No. 10, PageID.1125-1131).

[2] Attorney Neill Thupari also appeared and informed the Court that his *pro hac vice* motion is *en route* to the Clerk's Office.  Counsel's attention is directed to E.D. Mich. LR 83.20 ("Attorney Admission").  Although "*[p]ro hac vice* admission is not permitted[,]" E.D. Mich. LR 83.20(c), Subsection (d) details the procedure for admission to the bar of this Court.

jurisdiction will aid in that search and help inform the Court in deciding the

pending motion to dismiss.  "The district court may allow a party asserting

jurisdiction to conduct discovery to help establish the jurisdictional facts, and . . .

> . . . the courts of appeals will overturn that determination only for an
> abuse of discretion. Generally, the district court should allow
> discovery if the jurisdictional claim has a reasonable basis and it
> appears that pertinent facts may be uncovered. Permitting discovery to
> establish jurisdiction is never automatic, however. The plaintiff
> seeking jurisdictional discovery must have a colorable case for
> jurisdiction and must demonstrate to the district court what additional
> facts would be found if discovery were permitted.

2 *Moore's Federal Practice* - Civil § 12.31 (2021).  The trial court has "broad

discretion in determining whether to grant jurisdictional discovery[.]"  *United*

*States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001).  *See also*

*Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) ("the scope

of discovery is within the sound discretion of the trial court.").

As explained in further detail on the record, Plaintiff has shown that

"Jurisdictional-Specific Discovery Is Appropriate To Explore Zurich-Mexico's

Jurisdictional Challenge."  (ECF No. 26, PageID.1394.)  These details include,

*inter alia,* that:

- Various paragraphs of the operative pleading support such a
  conclusion, such as those:  (a) describing the nature of the
  action or the parties (ECF No. 1, ¶¶ 11, 13, 16); (b) explaining
  how, "[p]rior to the Fire, Williams Transferred Parts
  Manufactured at the Guaymas Facility to Its United States
  Locations for Incorporation into Gas Turbine Engines Which It

4

Then Sold in the United States and Worldwide[,]" (*id.*, ¶¶ 25, 27); (c) explaining how "[t]he Fire Destroyed the Guaymas Facility, Causing Williams To Suspend Its Operations in the United States[,]" (*id.*, ¶ 30); (d) explaining how "[t]he Underwriting Process Contemplated Listing Williams as a Named Insured Under All Property Policies[,]" (id., ¶ 32); and, (e) explaining how "[t]he Zurich Mexico Policy Provides All-Risk Coverage on a Blanket Coverage Basis[,]" (*id.*, ¶¶ 39, 40, 41, 42, 49, 50, 53.)  Put another way, although Plaintiffs' complaint does not follow the classic formula of pleading jurisdictional facts in a separate section at the beginning of the complaint, it has interspersed such allegations at various points in its pleadings so as to make at least a colorable case for jurisdiction and to convince the Court that jurisdictional discovery is appropriate.

- Plaintiffs plead that Williams International – *i.e.*, not RAM – was the intended named insured (and intended beneficiary) of the insurance policy issued by Zurich Compania and raise a colorable argument that the definition of 'Insured' within the policy attached to the complaint, would include Williams International, since it owns the property which is the "object of the insurance," much of which property both originates as raw materials in and returns as finished products to Michigan.  (*See* ECF No. 1, PageID.241.)

- The Court is persuaded by the cited cases, such as *Murtech Energy Servs., LLC v. ComEnCo Sys., Inc.*, No. 2:13-CV-12721, 2014 WL 2863745, at *10 (E.D. Mich. June 24, 2014) (Rosen, C.J.) ("the best course of action is for the parties to engage in limited discovery on the issue of whether this Court has personal jurisdiction" in light of Supreme Court case law "accentuat[ing] the need to *examine a defendant's contact with a particular forum* . . . [,]" especially where "the record is sufficiently muddy in a number of areas . . . .") (emphasis in original, citations omitted); and, *Drexel Chem. Co. v. SGS Depauw & Stokoe*, No. 94-5564, 1995 WL 376722, at *2 (6th Cir. 1995) ("we remand the case to the district court for further fact-finding proceedings that it deems appropriate[,]" as the

5

"submissions raised disputed issues of fact with regard to cross-corporate entanglements.").  (ECF No. 26, PageID.1395-1397.)[3]

- Plaintiffs have raised valid questions as to what Defendant Zurich Mexico should have known.  (ECF No. 26, PageID.1398-1399.)

In sum, while nothing in this order should be construed as opining on the ultimate outcome of the jurisdictional issue (or any other issue) raised by Defendant Zurich Compania in its motion to dismiss (ECF No. 10), Plaintiffs have shown their entitlement to explore, through limited discovery, whether Defendant Zurich Compania "purposefully availed itself of the privilege of doing business" in Michigan.  *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 503, 506 (6th Cir. 2020) (finding error in the district court's refusal to grant discovery and remanding, noting that the plaintiff's "inability to produce evidence reveals why they need discovery or an evidentiary hearing.").  Plaintiff has made a colorable case, even if not a definitive one, that Defendant Zurich Compania could be subject to Michigan personal jurisdiction based on:  (a) Michigan-based ownership of the "insured interest" under the policy (ECF 1, PageID.241); and/or (b) selling a policy

---

[3] Plaintiffs also point to *Palnik v. Westlake Ent., Inc.*, 344 F. App'x 249, 252 (6th Cir. 2009) ("A party and her attorney can, on 'knowledge, information, and belief,' assert specifically that the existence of the necessary distribution relationship will 'likely have evidentiary support after a reasonable opportunity' for discovery."); however in that case, unlike the matter at bar, jurisdictional discovery was denied, albeit in large part because the plaintiff had "forfeited any right to discovery by not explicitly raising the issue before the district court."  *Palnik*, 344 F. App'x at 253.

wherein a Michigan entity is either the known, intended or covered insured *and* which involves potential property loss likely to have damaging effects on a supply chain in this state. *See Weather Underground, Inc. v. Navigation Catalyst Sys., Inc.*, 688 F.Supp.2d 693, 697 (E.D. Mich. 2009) (the Michigan long-arm statute "is interpreted broadly, and it includes even the 'slightest' business contact.") (citation omitted).[4]

Accordingly, in order to determine whether the required contacts between Michigan and Defendant Zurich Mexico exist, Plaintiffs have leave to conduct personal jurisdiction discovery pursuant to the scope set forth in Plaintiffs' motion (ECF No. 26, PaegID.1399-1400), which Defendant Zurich Compania did not challenge in its response (ECF No. 33), and which appears to be reasonable and targeted.  Within this scope, Plaintiffs are permitted to:  (1) serve interrogatories and requests to produce; (2) depose declarant Marco Arturo Delsordo Jimenez (*see* ECF No. 10-1); and (3) conduct a Fed. R. Civ. P. 30(b)(6) deposition of Zurich Compania.  The deadline for *completion* of this jurisdictional discovery – which shall be limited to Zurich Compania (*i.e.*, not other defendants) – is **Tuesday, June**

---

[4] Michigan's long-arm statute "also allows a court to assert personal jurisdiction over a defendant and/or its agent who, among other things, does or causes 'an act to be done, or consequences to occur, in the state resulting in an action for tort.'" *Weather Underground, Inc.*, 688 F.Supp.2d at 697 (quoting Mich. Comp. Laws § 600.715(2)).

**15, 2021.**  Moreover, no later than **Wednesday, March 31, 2021**, Plaintiffs shall produce and file a certified translation of the insurance policy (*see* ECF No. 1, PageID.39-201 [Exhibit B]), as a substitute for the Google translation attached to the complaint (ECF No. 1, PageID.202-367 [Exhibit C]).  Finally, because this jurisdictional discovery will aid this Court in its resolution of Defendant Zurich Compania's pending dispositive motion, the Court will stay or continue its consideration of Zurich Compania's motion to dismiss (ECF No. 10) until completion of such jurisdictional discovery.

       **IT IS SO ORDERED.**[5]

Dated:  March 19, 2021

                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).