UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS INTERNATIONAL CO., LLC,
and RAMOS ARIZPE
MANUFACTURING S. DE R.L. DE C.V.,

        Plaintiffs,

v.

ZURICH AMERICAN INSURANCE CO.,
XL INSURANCE AMERICA, INC.,
AVIVA INSURANCE LIMITED,
GENERAL SECURITY INDEMNITY CO.
OF ARIZONA, and ZURICH COMPANIA
DE SEGUROS, SA,

        Defendants.
_____/

Case No. 2:20-cv-13277
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY AON RISK SERVICES CENTRAL, INC. (ECF No. 65)

Currently before the Court is Plaintiffs' September 29, 2021 motion to compel compliance with subpoena for production of documents from non-party Aon Risk Services Central, Inc. (ARSCI). (ECF No. 65.) Judge Borman referred the motion to me for hearing and determination, and I noticed an in-person hearing for November 16, 2021, at which attorneys Christopher V. Burtley and Robert B.

Ellis appeared. (ECF Nos. 66, 68.)[1] In accordance with a stipulated order setting the briefing schedule (ECF No. 70), Aon filed a response (ECF No. 71), and Williams International filed a reply (ECF No. 72). On November 12, 2021, Plaintiff filed a statement of resolved and unresolved issues. (ECF No. 73.)

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiffs' motion (ECF No. 65) is **GRANTED IN PART** and **DENIED IN PART.** As outlined by the movants' statement:

1. The issues regarding <u>Request Nos. 9, 12 and 15</u> have been resolved. The Court will enforce the agreement reflected in the statement.

2. The issues regarding <u>Request Nos. 1-8, 10, 11, 13 and 16</u> were resolved prior to the hearing. The Court will enforce the agreement placed on the record.

3. The issue regarding collection of <u>Aon Mexico documents</u> was unresolved at the time of the hearing. Upon consideration, and as stated from the bench, Plaintiffs' request is **DENIED WITHOUT PREJUDICE.** In sum, ARSCI need not produce Aon Mexico's documents at this time, because: **(a)** it is not clear whether ARSCI's obligations under the April 13, 2021 subpoena also apply to "Aon Mexico" (ECF No. 65-1, PageID.1846) or exactly which of the several Aon-affiliated

---

[1] Certain defense attorneys – Thomas B. Caswell, William Garrett Zieden-Weber, Sava Vojcanin, and Amor Neill Thupari – appeared by telephone, although they did not argue.

entities in Mexico that might be (*see* ECF 71-5, PageID.1972); **(b)** as argued by ARSCI, Plaintiffs have not shown that ARSCI has the "legal right" to obtain documents in Aon Mexico's possession (ECF No. 71, PageID.1924-1925), *In re Bankers Trust Co.*, 61 F. 3d 465, 469 (6th Cir. 1995);[2] **(c)** Plaintiffs have not shown that ARSCI situated *its own* records relating to this case in the possession of its overseas affiliate, *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008); and **(d)** the discovery sought here is or was obtainable directly from an existing party to this case (Zurich Compania De Seguros, SA) or from one or more of the Aon-affiliated entities in Mexico through the Hague Convention provisions for foreign discovery, *Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408-409 (E.D. Mich. 2019) (citing cases). *See also* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.") Still, the Court recognizes the December 2019 engagement letter between ARSCI and Williams International Co., LLC, which includes the provision that, "[d]ue to the global nature of services provided by Aon, the personal information the Client provides may be transmitted, used, stored and otherwise processed outside of the country where the Client submitted that information." (ECF No. 65-3, PageID.1864.) Therefore, no later than **Monday, November 29, 2021**, ARSCI **SHALL** either: **(a)** confirm that it has already provided Plaintiffs with any of their information that ARSCI has transmitted, used, stored and otherwise processed outside of the country under the above-quoted provision (or that there is no such information); or, **(b)** produce any such information.

---

[2] "Courts in the Sixth Circuit have adopted the Legal Right Standard and the Legal Right Plus Notification Standard but not the Practical Ability Standard to determine possession, custody, or control." *J.S.T. Corp. v. Robert Bosch LLC*, No. 15-13842, 2019 WL 2354631, at *6 (E.D. Mich. June 3, 2019), *report and recommendation adopted*, No. 15-13842, 2019 WL 2343705 (E.D. Mich. June 3, 2019).

(ECF No. 73, PageID.1994-1995.) Finally, payment of expenses as set forth in Fed. R. Civ. P. 37(a)(5) is not warranted, because neither participant in the instant motion practice fully prevailed.

    **IT IS SO ORDERED**.[3]

Dated: November 17, 2021

                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).