UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS INTERNATIONAL CO., LLC,
and RAMOS ARIZPE
MANUFACTURING S. DE R.L. DE C.V.,

        Plaintiffs,

v.

ZURICH AMERICAN INSURANCE CO.,
XL INSURANCE AMERICA, INC.,
AVIVA INSURANCE LIMITED,
GENERAL SECURITY INDEMNITY CO.
OF ARIZONA, and ZURICH COMPANIA
DE SEGUROS, SA,

        Defendants.
_____/

Case No. 4:20-cv-13277
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER DEEMING RESOLVED IN PART, GRANTING IN PART and DENYING IN PART PLAINTIFFS' CORRECTED MOTION TO COMPEL PRODUCTION OF RESPONSIVE DOCUMENTS AND FULLY RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS (ECF No. 83)**

Currently before the Court is Plaintiffs' January 26, 2022 corrected motion to compel production of responsive documents and fully respond to Plaintiffs' discovery requests. (ECF No. 83.) At issue in this motion are the responses to Request Nos. 8, 10, 19, 21, 22, 18, 24-28. (ECF No. 83, PageID.2503-2513.) Defendants have filed a response, and Plaintiffs have filed a reply. (ECF Nos. 88, 89.) Additionally, the parties have filed a joint statement of resolved and unresolved issues. (ECF No. 95.)

This motion was referred to me for hearing and determination, and I noticed an in-person hearing for March 4, 2022, at which attorneys Richard P. Lewis, Jr., Stephanie E. Gee, Christopher V. Burtley, Thomas B. Caswell, William Garrett Zieden-Weber, Sava Vojcanin, and Amor Neill Thupari appeared.  (ECF Nos. 84, 86, 90.)  On March 2, 2022, Linda Halpin, a Defendant Zurich American Insurance Company paralegal, filed a supporting declaration.  (ECF No. 96.)[1]

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiffs' motion (ECF No. 83) is **DEEMED RESOLVED IN PART**, **GRANTED IN PART** and **DENIED IN PART.**  As outlined by the movants' statement:

1. The issues regarding <u>Request Nos. 18 and 22</u> have been resolved.

2. As to <u>Request No. 8</u>, which concerns underwriting manuals, it is overly broad and unduly burdensome as phrased, and the related objection is **SUSTAINED** as to that portion of the request which seeks "all Documents and Communications concerning all underwriting guidelines, policies, standards, methods, procedures, or rules relevant to, applicable to, or concerning Your Policy."  (ECF 83-5, PageID.2707.)  Any objection that it is overly burdensome to require production of

---

[1] Request Nos. 20 and 29 are claimed to be at issue in the joint Statement of Resolved and Unresolved Issues (ECF No. 95, PageID.3069-3070), although they were not put at issue by the motion itself.  The Court made note of this on the record, but, since the rulings herein would likewise pertain to the issues involved in those two requests, the Order pertains to them as well.

2

the *underwriting manuals themselves* is **OVERRULED**. Accordingly, Defendants **SHALL** produce the underwriting manuals for the period January 2018 forward with respect to five of the six terms – *i.e.*, not "prohibited jurisdiction" – listed in the joint statement (ECF No. 95, PageID.3069). *See*, *e.g.*, *U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 1454008, at *9 (E.D. Mich. Apr. 26, 2012) (Komives, M.J.) ("even in coverage disputes discovery requests seeking claims manuals and similar documents are reasonably calculated to lead to the discovery of admissible evidence, and thus proper.").

3. As to Request Nos. 10 & 20, which concern reinsurance agreements (ECF No. 83-5, PageID.2709, 2716), the reinsurance policies are covered by Fed. R. Civ. P. 26(a)(1)(A)(iv) and should have been produced as part of Defendants' initial disclosures. *Suffolk Fed. Credit Union v. CUMIS Ins. Soc., Inc..,* 270 F.R.D. 141, 142 (E.D.N.Y. 2010); *The Lincoln Elec. Co. v. Travelers Cas. & Sur. Co.*, 1:11CV2253, 2013 WL 9894215 (N.D. Ohio Feb. 5, 2013); *see also*, 6 *Moore's Federal Practice*, § 26.22[d]. "Moreover '[t]he the rule is absolute … and does not require any showing of relevance.'" *Suffolk,* 270 F.R.D. at 142 (quoting *United States Fire Insurance Co. v. Bunge N. Am., Inc*., 244 F.R.D. 638, 641 (D. Kan. 2007)). Accordingly, Defendants **SHALL** produce any reinsurance agreement, whether facultative or treaty, along with any declaration sheets, as initial disclosures. Defendants' objections as to the proprietary nature and/or confidentiality of these agreements are **OVERRULED**, as the existing protective order adequately mitigates this concern. (ECF No. 60.) To the extent these requests seek "[a]ll documents [and/or] communications concerning" the reinsurance, the objections based on vagueness, relevance, and/or ambiguity are **SUSTAINED.** *See City of Warren,* 2012 WL 1454008, at *10 (discussions with reinsurers not relevant). Moreover, the requests are overly broad as phrased, and the proportionality rule does not support such broad phrasing. Defendants are reminded that anything redacted due to privilege needs to be noted in a privilege log.

4.  As to Request Nos. 19 & 21, which seek broad information regarding "Documents and Communications concerning" reserves and "all factors, criteria, considerations, bases, facts, assumptions, and justifications" which were "analyzed, evaluated, relied upon, reviewed, or considered when establishing, setting, booking, determining, evaluating, assessing, reviewing, re-evaluating, or re-assessing reserves . . . [,]" (*see* ECF No. 83-5, PageID.2715-2717), Plaintiff's motion is **DENIED**, as the information sought is not relevant, or, at best, of only marginal relevance. As discussed at length on the record, with multiple citations, judges within this District have reached different conclusions as to the discoverability of reserve information, with Judges Komives, Stafford and Duggan holding that it is not discoverable, and Judge Steeh finding that it is. Nonetheless, as offered by defense counsel, Zurich **SHALL** produce the reserve screen shot, and GSICA **SHALL** provide the reserve amount. Nothing more is warranted, and anything more would be overbroad in scope and offend considerations of proportionality under Fed. R. Civ. P. 26(b)(1) and the dictates of Fed. R. Civ. P. 1.

5.  As to Request Nos. 24-29, which concern contract interpretation and construction of contract information, Plaintiff's motion is **DENIED**. First, the information sought is either not relevant or of only marginal relevance to the needs of this insurance coverage dispute. *See First Horizon National Corporation v. Houston Cas. Co.*, 2:15-cv-2235, 2016 WL 5869580, at *8-9 (W.D. Tenn., Oct. 5, 2016). Second, the Court is persuaded by Ms. Halpin's declaration that it would be unduly burdensome to require a search for these broad requests. Third, much of this material is available in the public record. Fourth, these requests are overly broad and tend toward a fishing expedition, which contravenes Fed. R. Civ. P. 1.

(ECF No. 95, PageID.3068-3074.) Defendants have until **April 8, 2022** by which to produce any information as set forth above.

Finally, Plaintiff's request for an award of their costs and attorney' fees (ECF No. 83, PageID.2493) is **DENIED**. Payment of expenses as set forth in Fed. R. Civ. P. 37(a)(5) is not warranted, because the Court did not give full relief to any party or rule fully in any party's favor.

**IT IS SO ORDERED**.[2]

Dated: March 7, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).