UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS INTERNATIONAL CO., LLC, et al.,

    Plaintiffs,

v.

ZURICH AMERICAN INSURANCE CO., et al.,

    Defendants.

Case No. 20-cv-13277
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING MOTION TO AMEND AND CERTIFY FOR INTERLOCUTORY APPEAL, AND TO STAY PENDING APPEAL (ECF NO. 270)**

## I. Introduction

Plaintiff Williams International Company, LLC[1] ("Williams") sues defendants Zurich American Insurance Company ("Zurich"), XL Insurance America, Inc. ("XL"), General Security Indemnity Company of Arizona ("GSINDA"), and Aviva Insurance Limited ("Aviva") (collectively, "the

---

[1] Ramos Arizpe Manufacturing S. de R.L. de C.V. (RAM) is a nominal plaintiff necessary to plaintiff Williams' claims under the policy issued by Zurich Compañia de Seguros S.A. ECF No. 1, PageID.14. Those claims have been resolved and are not addressed in the motion before the Court. This opinion will therefore reference only Williams as plaintiff.

Insurers") for damages and declaratory relief for breach of insurance contracts, specifically for the nonpayment of claims for losses arising from a catastrophic fire at a Williams manufacturing facility in Mexico. ECF No. 1.

The Insurers jointly move to amend the Court's opinion and order denying cross motions for summary judgment, ECF No. 267, to certify it for interlocutory appeal to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1292(b), and to stay the proceedings in this Court pending the appeal. ECF No. 270.  Williams opposes the motion, which has been fully briefed. *Id.*; ECF Nos. 273, 274. The Court finds that the briefing sufficiently presents the facts and legal arguments and thus dispenses with oral argument. *See* E.D. Mich. LR 7.1(f). For the reasons discussed below, the Court denies the Insurers' motion.

## II.   Procedural Background

This is an insurance coverage dispute over Williams' loss of business income ("BI") after a June 2020 fire destroyed Williams' Guaymas, Mexico manufacturing plant. Williams had secured global property and casualty coverage from the Insurers for the period of February 1, 2020 through

February 1, 2021.[2] The parties agree that the policy issued by the Insurers' (the "Policy")[3] does not cover the physical damage losses for the Guaymas facility or the property within the facility.[4] ECF No. 1, PageID.18

The parties dispute the extent of coverage under the Policy for Williams' BI loss from its facilities in the United States. Without component parts from the destroyed Guaymas facility, Williams' U.S. plants could not produce finished goods to sell and thus suffered substantial BI loss. *Id*. at PageID.17.

In their motion for judgment on the pleadings, the Insurers argued that because the BI loss occurred in Mexico, under the terms of the Policy, the Financial Interest of the First Named Insured Coverage (FINC) provision, ¶ 5.02.35, with its $10 million liability limit, is the only coverage

---

[2] A more detailed recitation of the facts giving rise to this dispute may be found in this Court's orders and opinions on the parties' dispositive motions. *See* ECF No. 118, PageID.5015-17; ECF No. 267, PageID.17265-71.

[3] Citations to the Policy refer to the Zurich Global Edge policy form used by the Insurers. *See* ECF No. 228-39. Each participating insurer issued its own policy adopting the Zurich Global Edge form plus insurer-specific provisions and endorsements. *See* ECF No. 97-4 (GSINDA); ECF No. 97-5 (XL); ECF No. 97-6 (Aviva).

[4] The Policy excludes coverage for that damage, and Williams purchased separate coverage for the Guaymas facility from Zurich Compañia de Seguros S.A. ECF No. 2-1, PageID.553.

applicable under the Policy. *See* ECF No. 97. Williams argued that coverage for BI loss from its U.S. facilities is expressly covered under Section IV-Time Element of the Policy, specifically ¶ 4.01.01. *See* ECF No. 104. Williams argued that at a minimum, inconsistency within ¶ 4.01.01 and between that paragraph and others in the Policy creates an ambiguity, which requires extrinsic evidence to determine the parties' intent, and precluded judgment on the pleadings for the Insurers. The Court agreed and denied the Insurers' motion, finding "ambiguity in the policy language ...requiring extrinsic evidence to determine whether the parties intended coverage for [Williams' BI loss]. . .to be under the. . .Time Element provision (affording coverage up to the full policy limit of $400 million) or under the FINC provision (with coverage limited to that provision's $10 million limit)." ECF No. 118, PageID.5025. The Court also denied the Insurers' motion for reconsideration, finding that the unpublished Sixth Circuit case, *Dana v. Zurich Am. Ins. Co.*, 2022 WL 2452381 (6th Cir. July 6, 2022), which was issued one day after this Court's ruling on the Insurers' motion for judgment on the pleadings, was not directly apposite and did not dictate a different outcome. *See* ECF No. 134.

The Insurers raised new or slightly different legal arguments that the Policy unambiguously precluded coverage beyond the $10 million sublimit

for Williams' BI loss in their motion for summary judgment. *See* ECF No. 225.[5] Specifically, they argued that reading the Policy in its entirety demonstrates that coverage for Williams' BI loss falls under the Policy's FINC provision and its sublimit, and not under the Time Element provision subject to the full Policy limit. The Insurers also argued that, even if the Time Element provision otherwise would cover Williams' BI loss, several exclusions apply to bar such coverage. The Court was not persuaded and denied the Insurers' motion for summary judgment.[6] ECF No. 267.

The Insurers now ask the Court to amend its order denying summary judgment to certify it for interlocutory appeal under 28 U.S.C. § 1292(b), and to stay the proceedings here pending the appellate review of that order. ECF No. 270.

### III. Analysis

### A.

Interlocutory appeals under § 1292(b) are "generally disfavored and should be applied sparingly,…'only in exceptional circumstances.'" *Dunigan v. Thomas*, 2024 WL 889032, at *9 (E.D. Mich. Mar. 1, 2024) (quoting *In re*

---

[5] Each individual insurer filed supplemental motions for summary judgment in addition to the joint motion. ECF Nos. 226, 227, 230, 231.

[6] As noted above, the Court also denied Williams' cross motion for partial summary judgment. ECF No. 267.

*City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). Under § 1292(b), a district judge has discretion to certify a non-final order for an interlocutory appeal if the judge believes the moving party has shown that: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Id*. (citing *In re City of Memphis*, 293 F.3d at 350).

To prevail, "[t]he moving party bears the burden to show that each requirement of § 1292(b) is satisfied" and the district court must then expressly find, in writing, that each requirement has been met. *Id*. (citing *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022)). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *In re Gillespie*, 2023 WL 4549561, at *3 (E.D. Mich. July 14, 2023) (quotation omitted).  The party seeking an interlocutory appeal has the burden of showing that exceptional circumstances exist warranting an interlocutory appeal. *Gasiorowski-Watts v. CSX Transp., Inc.*, 2023 WL 7194898, at *5 (N.D. Ohio Nov. 1, 2023) (citing *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 326 (M.D. Tenn. 2021)). Additionally, district court judges have broad discretion to deny certification even where the statutory criteria are met." *Oellien v. Knox*

*Cnty.*, 2025 WL 35969, at *4 (E.D. Tenn. Jan. 6, 2025); *see also Haak v. Franklin*, 2024 WL 3813732, at *5 (E.D. Mich. Aug. 14, 2024); *Wang v. GM, LLC*, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019).

**B.**

1. **Controlling Question of Law**

For the Insurers' motion to succeed, they must first show that the order they wish to appeal involves a controlling question of law. A controlling question of law is defined generally as one that could materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d at 351. At first blush, the Court's order denying the Insurers' motion for summary judgment would seem to satisfy that criterion. Contract interpretation is a question of law, and if, as the Insurers argue it should, the court of appeals were to reverse this Court by finding that the Policy unambiguously provides coverage for Williams' BI loss only under the FINC provision, then the litigation would end.

However, as Williams argues, courts in this district have held that interpretation of an insurance policy, though technically a question of law, is not a controlling question of law for § 1292(b) purposes. *Sigma Fin. Corp. v. American Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723-24 (E.D. Mich. 2002) (citing *Ahrenholz v. Bd. of Trust. of Univ. of Ill.*, 219 F.3d

674, 676 (7th Cir. 2000)); *accord Federal-Mogul Corp. v. Ins. Co. of State of Penn.*, 2015 WL 13037139 (E.D. Mich. Dec. 22, 2015) (finding court's interpretation of insurance policy—to not limit the plaintiff's time element loss under a policy sublimit—is not a controlling question of law under § 1292(b)); *see also Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, 2025 WL 2233979, at *1 (E.D. Mich. Aug. 6, 2025); *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 91 (E.D. Mich. 2022).

The Insurers resist this defeating conclusion by citing an unpublished Sixth Circuit case, *In re Zurich Am. Ins. Co.*, which granted the defendant insurer permission for interlocutory appeal of the district court's order regarding policy coverage for loss of business income due to government shutdown orders for COVID-19. 2021 WL 4473398 (6th Cir. Sep. 29, 2021). But in that case, the plaintiffs did not oppose the insurer's petition for interlocutory appeal and, in fact, agreed that the order at issue raised at least one controlling question of law for appeal. *Id.* at *1. Consequently, the opinion does not include an analysis of the controlling question of law requirement.

The Court agrees with Williams that persuasive authority supports finding the absence of a controlling question of law here. As noted in the *Sigma* case, "controlling questions of law involve abstract legal issues." 200

F. Supp. 2d at 724. "[I]f a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly *without having to study the record*, the court should be enabled to do so without having to wait until the end of the case." *Id*. (quoting *Ahrenholz*, 219 F.3d at 676-77) (internal marks omitted) (emphasis added). In rejecting the movant's bid for an immediate appeal, the *Sigma* court held that the interpretation of the insurance policy "is not a pure question of law; *the Sixth Circuit would necessarily have to conduct a detailed study of the record, immersing itself in the specific contract language of the … policy and applying this interpretation to the unique facts of the case*." *Id*. (emphasis added); *see also Lofgren*, 526 F. Supp. 3d at 327 n.6. This is precisely the exercise the Insurers wish to assign to the Sixth Circuit here.

The Policy provisions at issue in this matter refer to other Policy provisions and sections, a section of defined terms, attached schedules, appendices, and/or endorsements. *See* ECF No. 228-39. As the Sixth Circuit recently observed: "[t]here is indeed nothing common about the language of insurance contracts….[t]his is a specialized field of language" with "many words, sometimes overlapping words, needed to complete [the] contract." *Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398, 401 (6th Cir. 2021); *see also Sigma*, 200 F. Supp. 3d. at 724. Accordingly, review of

this Court's interpretation of the over 100-page Policy would require the court of appeals to delve deeply into the policy language of multiple and intersecting provisions and apply its interpretation of that language to the unique facts of this case. *See* ECF No. 228-339; *see also* ECF Nos. 97-4–97-6. As *Ahrenholz* and its progeny conclude, this task differs significantly from the straightforward analysis of a pure, abstract issue of law for which interlocutory appeal under § 1292 was intended. 219 F.3d at 676-77; *see also Lofgren,* 526 F. Supp. 3d at 327; *Sigma*, 200 F. Supp. 2d at 723-24; *Federal-Mogul*, 2015 WL 13037139, at *2; *In re Energy Conversion Devices*, 638 B.R. at 91-92 ("Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function.") (internal quote omitted).

Because the order for which the Insurers seek immediate review is based solely on the Court's interpretation of the terms of the Policy, the Court finds that they have failed to present a controlling question of law meriting interlocutory appeal.

### 2. Remaining Factors

Even if the Insurers presented a controlling question of law, they have not demonstrated that there is a substantial ground for difference of opinion regarding this Court's ruling on their motion for summary judgment. A substantial ground for difference of opinion exists when:

> (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;
> (2) the question is difficult and of first impression; or
> (3) a difference of opinion exists within the controlling circuit;
> (4) the circuits are split on the question.

*In re Miedzianowksi*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation omitted). The substantial ground for difference of opinion standard "requires more than mere disagreement with the district court's decision or an assertion that such decision was incorrect; rather, there must be genuine doubt as to the correct legal standard." *Lofgren*, 526 F. Supp. 3d at 330 (cleaned up). Settled law that might be applied differently does not establish a substantial ground for difference of opinion. *Consumers Energy*, 2025 WL 2233979, at *2 (citation omitted).

This Court applied ordinary contract interpretation principles in analyzing the Policy language and the Insurers do not claim any controversy over the correct legal standard. Instead, they argue that the Court applied those principles incorrectly. *See* ECF No. 270, PageID.17334-44. "But interlocutory orders are not appealable on the mere ground that they may be erroneous." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378 (1981) (internal quotation omitted). The Court thus finds that the Insurers have not demonstrated a substantial ground for difference of opinion necessary for an interlocutory appeal.

The Court agrees with the Insurers that an immediate appeal could materially advance the ultimate termination of the litigation by resolving the determinative legal issue. Yet, even if this factor alone were sufficient to certify an order for interlocutory appeal, which, as discussed above, it is not, the age and procedural posture of this case militate against granting such relief.

"Interlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *West Tenn. Ch. of Assoc. Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000); see also *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012). Here, discovery has been completed, and there has been extensive motion practice, including a motion for judgment on the pleadings, a motion for reconsideration, and cross motions for summary judgment.

Indeed, the loss from which this litigation arises occurred more than five years ago and this case has been pending nearly that long. As Williams points out, advancing this motion to certify for interlocutory appeal more than two years after the Court denied the Insurers' motion for judgment on the pleadings and after the completion of extensive discovery,

substantial discovery motion practice, more than a dozen expert reports, a mediation, fully-briefed *Daubert* motions, and, of course, the briefed, argued, and denied cross motions for summary judgment belies the Insurers' expressed interest in saving litigant expense and judicial resources.

The Insurers counter that they waited to bring this motion to "appropriately allow[] the arguments on the Policy's interpretation to be fully vetted in this Court" before seeking interlocutory review. ECF No. 274, PageID.17386. But the Court agrees with Williams that the Insurers could have advanced all their contract interpretation arguments in their motion for judgment on the pleadings instead of arguing some provisions in that motion and saving others for their motion for summary judgment. Had they consolidated their legal arguments in the motion for judgment on the pleadings and moved for an immediate appeal after the Court's ruling on it more than two years ago, their contention that large litigation expenses and significant judicial resources could be saved would have been far more compelling. And, although the Court agrees with the Insurers that the anticipated lengthy trial will likely be costly, it remains that interlocutory appeals are disfavored when the case is ready for trial. *See West Tenn.*, 138 F. Supp. 2d at 1026; *Consumers Energy*, 2025 WL 2233979, at *2.

In summary, the Insurers have not met their burden to establish a controlling question of law, a substantial ground for difference of opinion, or any exceptional circumstances warranting certification for interlocutory appeal under § 1292(b). Accordingly, there is no basis for further delaying this already-protracted litigation.

## IV. Conclusion

For the reasons discussed, the Court **DENIES** the Insurers' motion to certify order for interlocutory appeal and to stay proceedings in this court pending such review. ECF No. 270.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 19, 2025