UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS INTERNATIONAL CO., LLC,

Plaintiff,

v.

ZURICH AMERICAN INSURANCE CO., *et al.*,

Defendants.
______________________________/

Case No. 4:20-cv-13277

F. Kay Behm
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE #1 (ECF No. 299) AND GRANTING IN PART DEFENDANTS' MOTION IN LIMINE #1 (ECF No. 300)**

## I. PROCEDURAL HISTORY

Plaintiff Williams International Co., LLC is suing Defendants Zurich American Insurance Company; XL Insurance America, Inc.; General Security Indemnity Company of Arizona (GSINDA); and Aviva Insurance Limited alleging breach of insurance contracts arising out of the nonpayment of claims following a fire at a Williams manufacturing facility in Mexico. (ECF No. 1).

Before the Court are two motions in limine. (ECF Nos. 299, 300). Plaintiff's motion requests that the Court exclude testimony related to Defendants' unexpressed subjective intent. (ECF No. 299). Defendants request that the Court preclude Plaintiff from testifying that Aon was not its agent and that Aon's knowledge, intent, and understanding regarding the negotiation, formation, and placement of the Policy is not imputed to Williams. (ECF No. 300). Responses and replies have been filed. (ECF Nos. 305, 306, 308, 309). For the reasons set forth below, Plaintiff's motion will be granted, and Defendants' motion will be granted in part.

## II. FACTUAL BACKGROUND

This first-party property insurance coverage dispute arose out of a June 2020 fire that destroyed Plaintiff's manufacturing plant in Guaymas, Mexico. (ECF No. 1). Destruction of the facility, which manufactured components for the engines and missiles that Plaintiff produces at its facilities in the United States, meant that Plaintiff's U.S. facilities could not produce finished goods to sell, causing a major disruption of Plaintiff's supply chain and substantial loss of business income. (*Id.*, PageID.17).

Plaintiff secured global property and casualty policies from Defendants for the period from February 1, 2020, through February 1, 2021. (*Id.*,

PageID.23). The parties agree that the policies do not cover the physical property loss to the Guaymas facility. (*Id.*, PageID.18). However, the parties dispute the extent of coverage under the policies for Plaintiff's loss of business income from its facilities located in the U.S. Defendants argue that because the loss occurred in Mexico, a "Prohibited Jurisdiction," the Financial Interest of the First Named Insured Coverage (FINC) provision, ¶ 5.02.35, with a limit of $10 million, is the only coverage available. Plaintiff, on the other hand, argues that the loss of business income from its U.S. facilities is covered under the Time Element section of the Policy, specifically ¶ 4.01.01, which affords coverage up to the full policy limit of $400 million. In an order denying Defendants' motion for judgment on the pleadings, the Court found the language of ¶ 4.01.01 ambiguous, requiring extrinsic evidence to determine whether the parties intended for the loss of business income to be under the Time Element provision or the FINC provision. (ECF No. 118, PageID.5025). The parties then filed cross motions for summary judgment, which the Court denied, concluding that "the conflicting extrinsic evidence as to the parties' intent for such coverage must be resolved by a jury." (ECF No. 267, PageID.17290).

## III. LEGAL STANDARD

The Supreme Court has recognized that "[a]lthough the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see also id.* at 40 n.2 (defining motion *in limine* "in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered"); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (noting inherent "power of a judge to hear a motion in limine"). Indeed, Rule 103(d) of the Federal Rules of Evidence mandates that the court must, to the extent practicable, conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means. Fed. R. Evid. 103(d); *see also United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ("The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial."). A motion in limine is a procedural vehicle "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor*

*Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "[A] preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

## IV. ANALYSIS

### A. Plaintiff's Motion in Limine #1 (ECF No. 299)

Plaintiff argues that Defendants' witnesses should be precluded from testifying about their unexpressed subjective intent. (ECF No. 299). Defendants argue, in reliance on *Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*, No. 12-13850, 2016 WL 2609786, at *2 (E.D. Mich. May 6, 2016), that evidence of unexpressed subjective intent is admissible under Michigan law, and in any event, that the testimony they seek to offer regarding their intent was expressed. (ECF No. 306, PageID.18257).

"The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. To this rule all others are subordinate." *McIntosh v. Groomes*, 198 N.W. 954, 955 (Mich. 1924). Under Michigan law, where a contract is ambiguous, "extrinsic evidence, presumptions and inferences...may be admitted to indicate the parties' intent." *Midwest Healthplan, Inc. v. Nat'l Med. Health Card Sys., Inc.*, 413 F. Supp. 2d 823, 828 (E.D. Mich. 2005). The role of the jury is then to "interpret the contract's

terms, in light of the apparent purpose of the contract as a whole, the rules of contract construction, and extrinsic evidence of intent and meaning." *Klapp v. United Ins. Group Agency, Inc.*, 663 N.W.2d 447, 454 (Mich. 2003) (citation omitted). Extrinsic evidence such as "the parties' conduct, the statements of its representatives, and past practice [can] aid in interpretation." *Id*. (citation omitted). However, as the Court stated in the order denying the parties' cross motions for summary judgment,

> The parties agree that parties' intent cannot be divined through silent subjective belief but must instead be expressed in an objective manner. *See Consolidated Rail Corp. v. Grand Trunk W. R. R. Co.*, 2012 WL 3758843, at *10 (E.D. Mich. Aug. 29, 2012); *Central States, SE & SW Areas Pension Fund v. Melody Farms, Inc.*, 969 F. Supp. 1034, 1041 (E.D. Mich 1997) (evidence of subjective intent may not be considered in construing meaning of ambiguous agreement).

(ECF No. 267, PageID.17275). In other words, the parties may offer evidence of their intent insofar as it was expressed in some way, but they may not offer evidence of their unexpressed subjective intent. *See Consol. Rail Corp. v. Grand Trunk W. R. Co.*, No. 09-CV-10179, 2012 WL 3758843, at *10 (E.D. Mich. Aug. 29, 2012) ("When interpreting contracts, courts look to the objectively manifested intent of the parties. Courts do not look to the subjective intent of the parties to the agreement. Thus, this court must

interpret the contractual language without reference to selfserving, after-the-fact, assertions by a party to the contract as to what its subjective intent was." (citing *Bagsby v. Lewis Bros., Inc.,* 820 F.2d 799, 803 (6th Cir.1987) (Ryan, J. concurring))).

In opposition, Defendants rely heavily on *Innovation Ventures,* 2016 WL 2609786. In *Innovation Ventures*, decided by Judge Berg, the court allowed testimony of a party's intent in relation to an ambiguous contract, and in so concluding, relied on the Sixth Circuit's decision in *Consol. Rail Corp. v. Grand Trunk W. R. Co.*, 607 F. App'x 484 (6th Cir. 2015). In that case, the Sixth Circuit found that the district court did not err by allowing the witnesses to testify about their understandings of the meaning of the agreement, because it was "necessary to clarify the [agreement's] ambiguity." *Consol. Rail Corp.*, 607 F. App'x at 495. The Sixth Circuit also explained that the testimony regarding understanding of the agreement was admissible because it "did not represent the unexpressed subjective intent of the parties." *Id.* at 495. Relying on *Consol. Rail Corp.*, the court in *Innovation Ventures* allowed the parties to testify generally as to their intent and understanding. This does not conflict with this Court's present decision; the parties may testify as to their

intent and understanding insofar as it was expressed in some objective manner, but they may not testify as to their unexpressed subjective intent.

On this, it does not actually appear that the parties disagree. Instead, it appears that the disagreement comes from what constitutes unexpressed subjective intent. Given this, and the fact that "[o]rders in limine which exclude broad categories of evidence should rarely be employed [because a] better practice is to deal with questions of admissibility of evidence as they arise," a ruling on specific testimony is best left for trial, when the Court may assess the testimony in context. For this reason, Plaintiff's motion will be granted, but the Court's determination of what testimony is admissible or inadmissible will be deferred to trial.

### B. Defendants' Motion in Limine #1 (ECF No. 300)

In their motion, Defendants ask the Court to preclude Plaintiff from presenting evidence or arguing that Aon—Plaintiff's insurance broker—is not its agent, or that Aon's knowledge, intent, and understanding cannot be imputed to Plaintiff. (ECF No. 300). Defendants' argument contains four parts: that Plaintiff should be estopped from arguing that Aon is its agent; that the law of the case dictates that Aon is Plaintiff's agent; that Michigan law confirms that Aon is Plaintiff's agent; and that Aon's knowledge is imputed to

Plaintiff. Plaintiff does not dispute that Aon served as its agent for the purpose of procuring and placing the insurance policies. (ECF No. 305, PageID.18217). Plaintiff does dispute, however, that Aon was its agent in the post-loss phase, including for processing the insurance claim. (*Id.*). Plaintiff also argues that Defendants ask the Court to decide a factual issue on a motion in limine, which is improper. But Defendants argue that they do not seek a legal ruling on Aon's agency but instead seek to preclude Plaintiff from presenting evidence that Aon was not its agent, consistent with Plaintiff's prior judicial admissions and the law of the case.

To the extent that Defendants ask the Court to undertake a factual analysis of whether Aon acted as Plaintiff's agent, Plaintiff is correct that a motion in limine is the improper place to do so. Courts in this circuit have consistently disallowed litigants from asserting factual issues in a motion in limine. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 562 (6th Cir. 2013) (collecting cases). Similarly, the Sixth Circuit has counseled that it is "improper for the district court to consider judicial estoppel within the context of a motion in limine." *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 575 (6th Cir. 2020).

However, the Court need not undertake a factual analysis to determine what constitutes the law of the case. *See Jackson v. Corizon Health, Inc.*, No. 19-13382, 2026 WL 685966, at *9 (E.D. Mich. Mar. 11, 2026) ("Here, Defendants do not dispute that the Court has found that, as a matter of law, CHS TX is a 'mere continuation' of Corizon and, thus, is a successor-in-interest to Corizon's stake in this lawsuit ... As such, the motion in limine will be granted as it relates to this previous finding."). "Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. The law of the case dictates that issues, once decided, should be reopened only in extraordinary circumstances." *Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001).

On review of the prior motions filed, as Defendants argue, Plaintiff has previously taken the position that Aon was its agent during the post-loss period as well as for the pre-loss procurement of the policies. Specifically, on February 14, 2023, Defendants filed a motion seeking to compel, among other things, "over 138 communications that include third parties, particularly Aon," explaining that Plaintiff had asserted privilege over these communications and Defendants did not believe that these communications

with a third party were privileged. (ECF No. 140, PageID.5330). Interestingly, at that time, Defendants took a similar position to the one Plaintiff does now, arguing that

> even if this Court were to find that communications between an insured and its broker may be subject to privilege in certain circumstances, those circumstances do not apply here. The subject of the Undersigned Insurers' challenge is Williams' post-loss communications involving Aon. Critically, while Aon may have functioned as an "insider" during the placement of Williams' Policy, its relationship with Williams changed after the loss.

(*Id.*, PageID.5332).

In response to that motion, Plaintiff argued that

> Insurers also challenge communications they claim were improperly withheld because they include individuals from Aon. However, cases within the Sixth Circuit have recognized that where an insurance broker acts as an "insider" that assists the insured and counsel "in providing legal services to the client," the presence of the insurance broker on otherwise privileged communication does not destroy the claim of privilege.

(ECF No. 145, PageID.5677). In a footnote, Plaintiff asserted

> As its insurance broker, Aon is an agent of Williams under Michigan law. *See Genesee Foods Servs. v. Meadowbrook, Inc.*, 760 N.W.2d 259, 262 (Mich. App. 2008); *Reed Dairy Farm v. Consumers Powers Co.*, 576 N.W.2d 709, 711 (Mich. App. 1998) ("[W]here an attorney's client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization authorized to speak on its behalf in relation to the subject matter of the communication.").

(*Id.* at n.7). Plaintiff then explained that,

> Insurers argue that while "Aon may have functioned as an 'insider' during the placement of Williams' Policy, its relationship with Williams changed after the loss." ECF 140, Page ID 5332. However, that argument (*i.e.*, that Aon's status as a party within privilege would exist only until the need for privilege began) makes no sense. It is because Aon placed Williams' policies and thus had specific knowledge helpful to Williams' development of legal strategy that it remained an "insider" after the loss when Williams needed that specialized knowledge.

(*Id.*, PageID.5679).

In denying Defendants' motion, Magistrate Judge Anthony P. Patti explained that the motion was

> **DENIED** as to communications with Aon, **an entity which was engaged as Plaintiffs' agent for various purposes – including**, *inter alia*, placement of insurance, **"advocating Williams's interests with its insurers as respects claims," and "assisting Williams and/or Williams's claims counsel, as required" – and whose exchange of information was contractually protected by confidentiality.** (ECF No. 163-2, PageID.5796, § 2(r) and PageID.5799 ("Confidentiality").) *See, e.g., Genesee Foods Servs., Inc. v. Meadowbrook, Inc.*, 279 Mich. App. 649, 760 N.W.2d 259, 262 (2008) (insurance broker is agent under Michigan law); and *Smith & Nephew, Inc. v. New Hampshire Ins. Co.*, No. 04-3027, 2008 WL 11464785, at *4 (W.D. Tenn. Oct. 6, 2008) (insurance broker treated as insider).

(ECF No. 164, PageID.5877-78) (emphasis added) (cleaned up). In other words, based on Plaintiff's contract with Aon, Judge Patti denied Defendants' motion to compel post-loss communications on finding that, after the fire,

Aon's status as Plaintiff's agent extended to advocating its interests with respect to claims and to assisting Plaintiff's claims counsel. "The law-of-the-case doctrine precludes reconsideration of issues decided at an earlier stage of the case." *Moody v. Michigan Gaming Control Bd.*, 871 F.3d 420, 425 (6th Cir. 2017). As Judge Patti decided this issue in denying Defendants' motion to compel, the law of the case precludes Plaintiff from arguing that Aon was not its agent for those purposes in the post-loss phase.[1]

Nevertheless, the precise scope of the agency relationship remains a factual issue for the jury to decide. "[N]ot all statements made or materials prepared by the agent are the representative statements of the insured or are considered admissions of the insured. It is hornbook learning that because one is an agent for one purpose he is not an agent for all." *Dewitt Bldg. Co. v. Auto-Owners Ins. Co.*, No. 235536, 2003 WL 21362804, at *5 (Mich. Ct. App.

[1] Plaintiff's argument that the law of the case doctrine does not apply to discovery issues and would not apply to the finding by Judge Patti is unsupported. In making that argument, Plaintiff relies on cases discussing the law of the case created by discovery rulings in the context of subsequent discovery disputes. *See McCann v. Unum Provident*, No. CV113241MASTJB, 2020 WL 1517071, at *4 (D.N.J. Mar. 30, 2020); *Bacon v. Taylor*, 392 F. App'x 30, 34 n.3 (3d Cir. 2010). It has provided no reason for the Court to believe that Judge Patti's prior decision on its agency relationship with Aon would apply only in the context of that specific discovery decision. This would be counterintuitive; it would allow Plaintiff to withhold discovery on the basis that Aon was its agent during the post-loss period, while later arguing that none of Aon's knowledge was imputed to it because Aon was not its agent during that period.

June 12, 2003). In other words, just because Aon continued to act as Plaintiff's agent for some purposes post-loss does not necessarily mean that every statement Aon made and all knowledge that Aon held during the post-loss period occurred within the context of Aon's agency relationship with Plaintiff. And again, to the extent that Defendants' request the Court to do so, the Court will not delve into such factual issues in resolving a motion in limine. Relatedly, on Defendants' argument that Plaintiff be precluded from arguing that Aon's knowledge, intent, and understanding are not imputed to it as a matter of Michigan law, formulation of the law and its applicability to the issues presented is more appropriately left to the parties' proposed jury instructions.

Accordingly, Defendants' motion is granted in part, such that Plaintiff is precluded from arguing that Aon's agency did not extend through the post-loss period, and included, in part, "advocating Williams's interests with its insurers as respects claims," and "assisting Williams and/or Williams's claims counsel." The remainder of Defendants' requests are denied for the reasons stated above.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion in limine (ECF No. 299) is **GRANTED**, and Defendants' motion in limine (ECF No. 300) is **GRANTED IN PART**.

**SO ORDERED.**

Date: October 16, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge